THE STATE, DEFENDANT IN ERROR, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR.

Submitted October 16, 1925—Decided May 5, 1926.

1. Although the neglect of the employes of a railroad company to perform the respective duties required of them for the protection of travelers upon the highway about to cross the tracks of the railroad renders the corporation civilly liable for injuries which

may result to a traveler on the highway by reason of the failure of such performance, it is not, as a general rule, criminally responsible for the results of such neglect.

2. If a railroad company has used due care in the selection of employes to whom the performance of its duties has been delegated, it is not criminally responsible for the results of carelessness or neglect on the part of those subordinates, unless it appears from subsequent events that such employes are unfit to perform those duties, and that the company is chargeable with knowledge or notice of such unfitness.

On error to the Union Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *William A. Barkalow, DeVoe Tomlinson* and *George Holmes*.

For the state, *Abe J. David*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant company was convicted upon an indictment charging it with manslaughter in the killing of one Howard Little, who was run down by a train while crossing the tracks of the company in an automobile at the Bayway crossing, in the city of Elizabeth. At the close of the testimony counsel for the defendant company moved for the direction of a verdict of acquittal, upon the ground that the case was barren of any evidence upon which criminal responsibility on the part of the defendant for the death of Little could be predicated. The motion was denied by the trial court, and the denial is made the principal ground upon which the defendant seeks a reversal of the conviction.

There is no suggestion in the proofs submitted that the location of the defendant's railroad at the point where the accident occurred was unauthorized by the statute under which it was incorporated; no suggestion that its road was not properly constructed, or that the tracks or the crossing

were not kept in proper repair; no suggestion that the gates which had been erected by the company to protect this crossing, in compliance with the statutory requirement, were not of standard construction or were not properly maintained; no suggestion that the locomotive engine which collided with the decedent's automobile was not properly equipped with bell and whistle, as required by the statute. On the contrary, the contention on the part of the state, and the proofs submitted in support of that contention, were that the accident occurred solely by reason of the combined negligence of the engineer operating the locomotive in failing to ring a bell or blow a whistle as his train was approaching the crossing, thus disregarding the statutory duty requiring the giving of such a signal; and of the gateman in charge of the operation of the gates at this point in failing to lower them as the train drew near, in disregard of the mandate of the statute.

Although the neglect of the employes of a railroad company to perform the respective duties required of them for the protection of travelers upon the highway about to cross the tracks of the railroad renders the corporation civilly liable for injuries which may result to a traveler on the highway by reason of the failure of such performance, it is not, as a general rule, criminally responsible for the results of such neglect. *State* v. *Young,* 56 *Atl. Rep.* 473, 476, 477. A railroad corporation is necessarily obliged to delegate the performance of duties, such as those involved in the present case, to subordinates and employes, and, if it has used due care in the selection of the employes to whom the performance of these duties has been delegated, it is not criminally responsible for the results of carelessness or neglect on the part of those subordinates, unless it appears from subsequent events that such employes are unfit to perform those duties, and that the company is chargeable with knowledge or notice of such unfitness.

So far as the employment of the engineer is concerned, there was nothing in the proofs from which negligence on the part of the company in selecting him, or continuing him

in its employ, can be inferred. He had been a locomotive engineer for twenty-seven years. The proofs show that he was fully aware of his duty to blow the whistle or ring the bell with which his engine was equipped as he approached a highway crossing. There is nothing to justify the inference (except the happening of this particular accident) that he was not careful and competent in the management of the engine; and, in the absence of proof supporting such an inference, a finding that the defendant company was grossly negligent in employing him or in keeping him in its employ is absolutely without support.

It is further contended on the part of the state that, even if it be held that no criminal responsibility rests upon the defendant company so far as the neglect of its engineer is concerned, the proofs justify the conclusion that it was criminally responsible for the failure of the gateman to lower the gates as the train was approaching. This contention is based upon proof that the gateman had only been in charge of the operation of the gates for some four days prior to the happening of the accident; that he was somewhat hard of hearing, and that he could not see to read without using glasses. But there was undisputed proof that he had been employed by the defendant company as an extra gateman for nearly a year prior to the happening of the accident, and that he had been thoroughly instructed with relation to his duties, and understood them. The mere fact that he was assigned to duty at this particular crossing only a few days before the accident occurred is immaterial in determining the question of the negligence of the company in so assigning him. The employment of a gateman must have a beginning. The company performs its duty when it uses care to see that before he is assigned to the work he has been properly instructed and understands his duty and has demonstrated his ability to operate the gates in accordance with the statutory requirements. It is not disputed that these conditions have been complied with; but it is said that it was grossly negligent on the part of the company to employ a man whose hearing was defective and whose eyesight was

not good. The proofs fail to disclose that these defects prevented the gateman from hearing and observing the approach of a train in ample time to lower the gates before it reached the crossing. If it be assumed that the employment of a man having such physical defects was unwise, it cannot justly be said that such employment was an indication of gross negligence on the part of the company; that it indicates a reckless disregard of the duty of protecting the lives and safety of people traveling on the highway across the railroad at this point, and, unless negligence of this character has been made to appear, no criminal responsibility attaches to the employer. *State* v. *Young, supra.*

On the facts stated, we think it clear that the defendant's application for the direction of a verdict of acquittal should have been complied with. This conclusion makes unnecessary the consideration by us of the other grounds of reversal argued by counsel.

The judgment under review will be reversed.